UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SANGO #252200,                               Case No. 2:20-cv-160

               Plaintiff,                           Hon. Robert J. Jonker
        v.                                          Chief U.S. District Judge

MICHAEL EUBANKS, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Robert Sango pursuant

to 42 U.S.C. § 1983.  Sango filed his complaint on August 31, 2020.  (ECF No. 1.)

Based on Sango's verified complaint, it is unclear what claims he is alleging.   There

seems to be two general allegations.   First, Sango appears to allege that Corrections

Officers (COs) failed to comply with COVID-19 guideline and were on the internet

during their shifts.   Second, he alleges that he suffered harassment because he

complained about the COs' conduct.  (ECF No. 1, PageID.2-3.)

The Court granted Sango leave to proceed *in forma pauperis* under 28 U.S.C.

§ 1915(a).  (ECF No. 4.)  Defendants Michael Eubanks and Collin Perry move for an

order to revoke Sango's *in forma pauperis* status.   (ECF No. 12.)

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321

(1996), which was enacted on April 26, 1996, amended the procedural rules governing

a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth

Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed

Case 2:20-cv-00160-RJJ-MV    ECF No. 18,  PageID.97    Filed 02/09/21    Page 2 of 6

by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  *Id.*  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal

2

protection, the right of access to the courts, and due process, and that it constitutes a

bill of attainder and is *ex post facto* legislation.   *Wilson v. Yaklich*, 148 F.3d 596, 604-

06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007)

(citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th

Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*,

112 F.3d 818, 821-22 (5th Cir. 1997).

The Sixth Circuit set forth the following general requirements for a claim of

imminent danger: "In order to allege sufficiently imminent danger, we have held that

'the threat or prison condition must be real and proximate and the danger of serious

physical injury must exist at the time the complaint is filed.'"   *Vandiver v. Prison*

*Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*,

290 F. App'x 796, 797 (6th Cir. 2008)).   "Thus a prisoner's assertion that he or she

faced danger in the past is insufficient to invoke the exception."   *Rittner,* 290 F. App'x

at 797–98; *see also Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)

("Allegations of past dangers are insufficient to invoke the exception."); *Percival v.*

*Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy

the 'imminent danger' exception."); *cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th

Cir. 2007) (implying that past danger is insufficient for the imminent-danger

exception).

> In addition to a temporal requirement, we have explained that the
> allegations must be sufficient to allow a court to draw reasonable
> inferences that the danger exists.  To that end, "district courts may deny
> a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's
> claims of imminent danger are conclusory or ridiculous, or are clearly

baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver*, 727 F.3d at 585.

A prisoner's claim of imminent danger is subject to the same notice pleading requirement that applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Sango has had at least three prior civil suits dismissed on the ground of frivolousness or failure to state a claim upon which relief may be granted. *See, e.g.*, *Sango v. Place*, No. 2:16-cv-136 (W.D. Mich. July 6, 2016); *Sango v. Lewis*, No. 1:14-cv-342 (W.D. Mich. July 18, 2014); *Sango v. Huss*, No. 1:14-cv-2 (W.D. Mich. June 12, 2014); *Sango v. Miniard*, No. 1:14-cv-344 (W.D. Mich. June 10, 2014); *Sango v. Hammond*, No.1:14-cv-283 (W.D. Mich. May 6, 2014); and *Sango v. Novak*, No. 1:14-cv-343 (W.D. Mich. Apr. 23, 2014). In a subsequent lawsuit, Sango was denied leave to proceed *in forma pauperis* under the three strikes rule. *See, e.g., Sango v. Brown*, Case No. 1:20-cv-80 (W.D. Mich. Apr. 6, 2020).

In this case, Defendants argue that Sango failed to allege that he was in imminent danger of serious physical injury at the time the complaint was filed. (ECF No. 13, PageID.39.) They assert that Sango, at best, "alleges that [Defendant] Perry and other officers harassed him over his grievances and that Eubanks informed the

4

other prisoners of the officers' harassment of Sango."[1]  (ECF No. 15, PageID.55.)  In response, Sango stated that Defendants "fail[] to establish any new facts that would void the courts [sic] screen that plaintiff is 'in danger of serious physical injury' (ECF No. 13, page 6 of 7)."  (ECF No. 14, PageID.51.)  The undersigned concurs with the Defendants.

In the opinion of the undersigned, Sango has failed to allege facts that could show that he was under imminent danger of serious physical injury at the time he filed his complaint.  Sango's allegations regarding harassment do not satisfy the exception.   Mere  threats  and  intimidation,  without  more,  cannot  satisfy  the "imminent danger" exception.  *Rittner*, 290 F. App'x at 798.

Therefore, it is recommended that the Court grant Defendant's motion to revoke Plaintiff's *in forma pauperis* status.  (ECF No. 13.)  It is further recommended that the Court order that Plaintiff has twenty-eight (28) days to pay the entire civil action filing fee, which is $400.00.  If Sango fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

Dated:   February 9, 2021                                    /s/ *Maarten Vermaat*
                                                             MAARTEN VERMAAT
                                                             U.S. MAGISTRATE JUDGE

---

[1]      Sango also alleges that fellow prisoners in level two unit were not being fed for three days.  (ECF No. 1, PageID.3.)  That allegation does not satisfy the imminent danger requirement for two reasons.  First, Sango failed to allege that he was one of those suffering from starvation.  And second, the starvation was not on-going at the time of the verified complaint was filed (August 31, 2020).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).