UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT SANGO,

    Plaintiff,

v.

MICHAEL EUBANKS, et al.,

    Defendants.

_____/

CASE No. 2:20-cv-160

HON. ROBERT J. JONKER

## ORDER

Plaintiff filed this prisoner civil rights alleging that one or more prison guards retaliated against him because of his grievances and other complaints that MDOC personnel failed to follow COVID-19 safety guidelines. The alleged retaliation included general harassment of prisoners and a strict "letter of the law" enforcement policy against prisoners. This, in turn, allegedly upset prisoners "to the point of bloodshed." According to plaintiff, that is when the defendants tried to channel that hostility against him by inciting the other prisoners to hurt him. In particular, plaintiff says the guards falsely and publicly accused him in the weight room of "fondl[ing] little girls" in an effort to foster ill will against plaintiff. In addition, plaintiff says defendant Eubanks told prisoners the general harassment and enforcement climate would ease if the prisoners physically hurt or eliminated plaintiff, again in an effort to incite physical violence against plaintiff.

Prisoner civil rights actions are subject to the IFP and screening provisions of 28 U.S.C. §§ 1915, 1915A. The Court applied those provisions and decided to grant plaintiff IFP status. (ECF No. 4). Plaintiff obtained this status even though he has accumulated more than the three strikes that would normally disqualify him from IFP status. The Court's Order reflects its

initial conclusion at the screening stage that plaintiff's allegations were sufficient to satisfy the imminent danger exception to the three strikes rule. 28 U.S.C. § 1915(g). The IFP Order does not itself recite this conclusion, however. And so defendants filed a Motion to Dismiss and Revoke the IFP status based on the defense argument that plaintiff's allegations do not satisfy the imminent danger standard. (ECF No. 12, 13).[1]

After considering the defense motion and plaintiff's response, the Magistrate Judge filed a Report and Recommendation that this Court grant the defense motion. (ECF No. 18). In particular, the Magistrate Judge concluded that plaintiff's allegations really amounted to no more than general harassment that did not rise to the level of creating an imminent danger. Plaintiff objected that the Magistrate Judge overlooked his specific allegations that the defendants were attempting to incite prisoner violence against plaintiff in retaliation for plaintiff's grievances about the COVID-19 safety. (ECF No. 19). Plaintiff also pointed out that an Order recently filed by Magistrate Judge Berens in another of his cases[2] found similar incitement allegations sufficient to deny a defense motion for revocation of IFP status.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

---

[1] If the defense is correct that the Court should not have granted plaintiff IFP status in the case, this Court would not normally dismiss the action before giving plaintiff an opportunity to pay the full filing fee and proceed with the case. If plaintiff failed to do so, the case would be dismissed at that time for failure to prosecute.

[2] The case is *Sango v. Kennsey*, Case No. 1:19-cv-1047 (W.D. Mich. filed Dec. 13, 2019). The relevant Order is ECF No. 23 in that case.

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After de novo review, the Court concludes that plaintiff's allegations, at least viewed through the isolated lens of the four corners of the Complaint in this case, are sufficient to satisfy the imminent danger exception.[3] The Court therefore rejects the Magistrate Judge's Report and Recommendation to the contrary and denies the defense motion.[4]

The Court understands the concerns of the defense and the Magistrate Judge. Plaintiff Sango has been an unusually active litigant in this Court. By last count, he has filed 56 cases in this Court. He has accumulated more than three strikes. He has been denied IFP status about 20 times based on the three strikes rule. And he is intelligent and literate enough to understand that

---

[3] Plaintiff has at least three other cases filed in this Court that raise almost identical incitement allegations. *See Sango v. Fleury*, Case No. 2:20-cv-186 (W.D. Mich. filed Sept. 25, 2020); *Sango v. Fleury*, Case No. 2:20-cv-187 (W.D. Mich. filed Sept. 28, 2020); and *Sango v. Hubble*, 2:20-cv-193 (W.D. Mich. filed Sept. 28, 2020). Plaintiff originally made the incitement allegations in this case on August 26, 2020. The later allegations were made on September 22 and 24, 2020. More than six months have elapsed, and nothing has evidently come of the alleged incitement. At some point, the combined record and passage of time may undermine the allegations of imminent danger and call for a different result. Even if that happens, the best way to deal with the issue may be by imposing appropriate sanctions in retrospect rather than by applying too high an imminent danger bar at the outset. *See, e.g.,* Molly Guptill Manning, *Trouble Counting to Three: Circuit Splits and Confusion in Interpreting The Prison Litigation Reform Act's 'Three Strikes Rule,' 28 U.S.C. § 1915(G)*, 28 CORNELL J. OF LAW & PUB. POL'Y 207, 238-40 (2018).

[4] The defendants have also filed a Motion to Dismiss based on lack of exhaustion. (ECF No. 16). That remains under consideration by the Magistrate Judge.

his only way around the three strikes bar is to package his retaliation theories with allegations sufficient to clear the imminent danger threshold.  The time the Court must spend on plaintiff's cases means less time for the Court to spend on other matters, including other prisoner civil rights cases that may present allegations of imminent danger that seem more pressing than those in this case.  These are real concerns that go to the heart of what Congress was trying to address in the PLRA.

On balance, though, once the Court makes an initial decision on screening to confer IFP status, revisiting the IFP decision on a fresh defense motion adds to the problems of delay and distraction.  This is particularly true where the defense believes it has another independently sufficient basis for dismissal, such as the exhaustion motion filed by the defense in this case.  And, of course, when it comes to addressing allegations of incitement to violence, it is better to err on the side of caution that might prevent an actual attack.  Retrospective sanctions for ultimately unsubstantiated allegations—especially if repeated in multiple separate actions—provides a more prudent course.

Accordingly, the Court rejects the Report and Recommendation of the Magistrate Judge on the defense motion to revoke IFP status.  (ECF No. 18).  The defense motion (ECF No. 12) is **DENIED**.  This is without prejudice to any sanction the Court may find appropriate if the allegations of imminent danger are ultimately unsubstantiated.

**IT IS SO ORDERED.**


Dated:   March 1, 2021              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE