UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT D. SANGO #252200,

    Plaintiff,

v.

UNKNOWN EUBANKS, et al.,

    Defendants.
_____/

CASE NO. 2:20-cv-160

HON. ROBERT J. JONKER

ROBERT D. SANGO #252200,

    Plaintiff,

v.

UNKNOWN EUBANKS, et al.,

    Defendants.
_____/

CASE NO. 2:20-cv-181

HON. ROBERT J. JONKER

ROBERT D. SANGO #252200,

    Plaintiff,

v.

UNKNOWN FLEURY, et al.,

    Defendants.
_____/

CASE NO. 2:20-cv-186

HON. ROBERT J. JONKER

ROBERT D. SANGO #252200,

    Plaintiff,

v.

UNKNOWN FLEURY, et al.,

    Defendants.
_____/

CASE NO. 2:20-cv-187

HON. ROBERT J. JONKER

ROBERT D. SANGO #252200,

        Plaintiff,

v.

        CASE NO. 2:20-cv-193

        HON. ROBERT J. JONKER

UNKNOWN HUBBLE, et al.,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING REPORTS AND RECOMMENDATIONS

### INTRODUCTION

These are five prisoner civil rights lawsuits filed between August 31 and September 28, 2020, by Plaintiff Robert Sango concerning events at the Alger Correctional Facility. Four of the five were filed during a single five-day period. In each lawsuit Plaintiff complains that the Defendant Corrections Officers retaliated against him for engaging in certain described protected conduct generally related to COVID-19 protocols.[1] In each case, the defendants moved for summary judgment on the basis that Plaintiff had failed to exhaust his claims through the prison grievance process as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e)(a). Plaintiff does not dispute that he failed to grieve the issues alleged in his various Complaints. Rather, he claims that his failure to exhaust should be excused under the reasoning of *Ross v. Blake*, 579 U.S. ___, 136 S. Ct. 1850, 1859-60 (2016). More specifically he argued that

---

[1] The lawsuits are all related because each new case alleges retaliation tied to an earlier lawsuit. In the earliest numbered case (Case No. -160), for example, Plaintiff alleges that Defendant Officers Eubanks and Perry threatened him in retaliation for complaints he made when the officers failed to social distance during the COVID-19 pandemic. In the next sequentially numbered case (Case No. -181), Plaintiff alleges that Officer Eubanks and Officer Fleury retaliated against him for filing the lawsuit in Case No. -160 by inciting other inmates to hurt or kill Plaintiff. In subsequent cases, Plaintiff similarly complains that the corrections officers incited other inmates to harm him by strictly enforcing the prison's rules and informing the unhappy inmates that the officers would only let up if the inmates harmed Plaintiff.

2

the grievance process was unavailable to him because he was intimidated from filing a grievance by the defendant officers' conduct.

In each case, Magistrate Judge Vermaat filed a Report and Recommendation that recommends granting the defense motions for summary judgment because there is no genuine issue of material fact that the grievance process was available to Plaintiff. Indeed, the prison facility's prisoner grievance summary report indicates that Plaintiff has filed numerous grievances before, during, and after the time period during which Plaintiff alleges the retaliation, as well as the intimidation, occurred. Plaintiff objects and argues that the Magistrate Judge misinterpreted an earlier order of this Court and misapplied *Ross* so he could clear the docket. Plaintiff contends he can meet the *Ross* standard because his other grievances were not related to the issues that led to the threats against him.

The controlling issues on exhaustion are the same in all five cases and so the Court addresses them in this single Order. For the reasons set out below, the Court agrees with the Magistrate Judge that the prison grievance system was available to Plaintiff and that Defendants are therefore entitled to summary judgment dismissing Plaintiff's cases without prejudice for failure to exhaust administrative remedies.

## DISCUSSION

The Court has reviewed Magistrate Judge Vermaat's Reports and Recommendations and Plaintiff's Objections to the Reports and Recommendations.[2] Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation,

---

[2] Plaintiff did not file an Objection in the -187 and -193 cases, and the time for doing so has passed. The Court observes, however, that Plaintiff has mentioned the -187 and -193 cases in his objection filed in the -181 case. *See Sango v. Eubanks*, Case No. 2:20-cv-181 (W.D. Mich. May 18, 2021) (ECF No. 18, PageID.179). The Court does not believe this is enough to warrant de novo review in the two cases; however, out of an abundance of caution the Court has reviewed the record, de novo, across all five cases.

3

"[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Vermaat's Reports and Recommendations are factually sound and legally correct.

As the Magistrate Judge remarked (and as Plaintiff points out in his objections) the grievance process may be considered unavailable in certain situations, including "where prison administrators thwart an inmate from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, ––– U.S. –––, 136 S. Ct. 1850, 1860, 195 L.Ed.2d 117 (2016). If the grievance process at issue is deemed unavailable, failure to exhaust poses no barrier to the inmate's claim. In the Report and Recommendation, the Magistrate Judge reasons that the grievance process was indisputably available to Plaintiff because Plaintiff actually used it for numerous grievances, including grievances against the named defendants, both before and after the events and alleged intimidation at issue in his lawsuits. Other courts have employed similar reasoning to determine availability as a matter of law. *See King v. Puershner*, Case No. 1:17-cv-1373, at *8-*9 (S.D.N.Y. Sept. 19, 2019) (grievance process available to

plaintiff where the plaintiff had filed grievances in 48 instances both before and after the event triggering the unexhausted claim).

Plaintiff argues this reasoning is flawed because it is possible for a prisoner to feel free to pursue grievances in certain areas, yet feel intimidated from pursuing other claims through the grievance process. That may be theoretically true in some cases but the reality here leaves no disputed issue of fact on availability. The fact of the matter is that shortly after the events in these cases, Plaintiff filed grievances about other things. And some of these grievances were filed against the same defendants Plaintiff alleges intimidated him from filing grievances related to these cases. Moreover, the same intimidation allegations Plaintiff makes to avoid exhaustion were used by Plaintiff to support a claim of imminent danger to avoid the three-strikes rule that would otherwise bar his claims from proceeding. Nine months have passed but no harm has come to Plaintiff. Indeed, Plaintiff has continued to file new lawsuits against prison officials. *See, e.g., Sango v. Goinns*, Case No. 2:20-cv-196 (W.D. Mich. filed Oct. 2, 2020); *Sango v. Goinns*, Case No. 2:20-cv-205 (W.D. Mich. filed Oct. 9, 2020); *Sango v. Fluery*, Case No. 2:20-cv-213 (W.D. Mich. filed Oct. 15, 2020); *Sango v. Scheoder*, Case No. 2:21-cv-0007 (W.D. Mich. filed Jan. 11, 2021).[3]

On this record, it beggars belief that Plaintiff was intimidated from filing a grievance in these matters and that the grievance system was unavailable to him. Indeed, as the Magistrate Judge properly observes, Plaintiff himself has not stated under oath that intimidation by the defendant officers caused him to forgo filing grievances. (*See* Case No. 2:20-cv-160, ECF No. 25,

---

[3] The Court's CM/ECF system identifies Plaintiff as the filing party in 56 lawsuits from April 5, 2012 to the present. Eight remain open.

PageID242). Neither of his two affidavits state that Plaintiff stopped filing grievances due to threats. *Ross* does not apply and Plaintiff was required to exhaust.[4]

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED:**

1. The Reports and Recommendations of the Magistrate Judge in the following docket entries are **APPROVED AND ADOPTED** as the Opinion of the Court:

    ECF No. 25 in *Sango v. Eubanks*, 2:20-cv-160 (W.D. Mich. May 3, 2021);
    ECF No. 17 in *Sango v. Eubanks*, 2:20-cv-181 (W.D. Mich. May 5, 2021);
    ECF No. 18 in *Sango v. Fleury*, 2:20-cv-186 (W.D. Mich. May 5, 2021);
    ECF No. 14 in *Sango v. Fleury*, 2:20-cv-187 (W.D. Mich. May 7, 2021); and
    ECF No. 15 in *Sango v. Hubble*, 2:20-cv-193 (W.D. Mich. May 7, 2021).

2. Defendants' Motions for Summary Judgment in the following docket entries are **GRANTED:**

    ECF No. 16 in *Sango v. Eubanks*, 2:20-cv-160 (W.D. Mich. Feb. 4, 2021);
    ECF No. 12 in *Sango v. Eubanks*, 2:20-cv-181 (W.D. Mich. Feb. 4, 2021);
    ECF No. 13 in *Sango v. Fleury*, 2:20-cv-186 (W.D. Mich. Feb. 4, 2021);
    ECF No. 12 in *Sango v. Fleury*, 2:20-cv-187 (W.D. Mich. Feb. 5, 2021); and
    ECF No. 13 in *Sango v. Hubble*, 2:20-cv-193 (W.D. Mich. Feb. 5, 2021).

These cases are **CLOSED.** A separate Judgment in each matter shall enter.

**IT IS SO ORDERED.**

Dated:   June 2, 2021                              /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff failed to respond to the two motions for summary judgment in the -187 and -193 cases and so there was no affidavit for the Magistrate Judge to consider. The Magistrate Judge found a sufficient basis in those two cases upon which to recommend granting the defense motion. Plaintiff has not objected to the Magistrate Judge's reasoning, and the Court finds the Magistrate's conclusions to be factually sound and legally correct.